**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LEON DOUGLAS, and
GLORIA DOUGLAS

        Plaintiff,

vs.

JOHN DOE CORRECTIONAL OFFICER,
Correctional Officer at Jackson Correctional Facility,
MICHIGAN DEPARTMENT OF CORRECTIONS,
Jointly and Severely

        Defendants.

_____/

*There is no other pending or resolved civil action arising out of the same transaction or occurrence*

*/s/ Brandon McNeal*
*Brandon McNeal (P81300)*

## COMPLAINT

NOW COME, the Plaintiffs LEON DOUGLAS and GLORIA DOUGLAS, by and through his attorney, BRANDON MCNEAL, and for this cause of action against Defendants, respectfully represent to this Honorable Court as follows:

### INTRODUCTION

1. This is an action resulting from cruel and unusual punishment to Leon Douglas and the loss of consortium claim for his wife, Gloria Douglas. Leon Douglas, at the time of this incident was a 17 year old minor who incarcerated in the Jackson Correctional Facility and whose cruel and unusual punishment via sexual assault resulted from the wrongful actions of Jackson Correctional Facility employees.

2. At all times material herein, the individual Defendant was an employee of Jackson Correctional Facility. The individual Defendant acted jointly and in concert in violation of

well-established federal Constitutional rights and in violation of 42 U.S.C. §§ 1983 and 1988, and in violation of the Eighth and Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution.

3. Plaintiffs are seeking monetary damages due to the misconduct of Defendants which is detailed in this Complaint.

## GENERAL ALLEGATIONS

4. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 3 of this Complaint with the same effect as if fully set forth herein.

5. This is an action based upon United States Constitutional violations a claims for personal injury suffered by LEON DOUGLAS and GLORIA DOUGLAS as a result of the misconduct of the Defendants.

6. Plaintiffs allege that Defendants' misconduct deprived LEON DOUGLAS of his constitutional right to medical treatment befitting his condition, and that Defendants' acts and omissions caused LEON DOUGLAS to suffer grievous harm, emotional and physical injuries and all the while in Defendants' custody.

7. Plaintiff alleges that Defendants' gross negligence deprived LEON DOUGLAS of his constitutional right against cruel and unusual punishment.

8. Each Defendant caused and is responsible for the unlawful conduct and resulting harm, by *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by exhibiting deliberate indifference to

Plaintiffs' rights, and by ratifying and condoning the unlawful conduct performed by other agents, officers, inmates, medical providers and employees.

## JURISDICTION AND VENUE

9. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 8 of this Complaint with the same effect as if fully set forth herein.

10. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Eighth and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment.   This Court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question), under 28 U.S.C. § 1343(3) (civil rights), and under 18 U.S. Code § 2255 (civil remedy for personal injuries)

11. The amount in controversy exceeds $75,000.00, excluding interest, costs and attorney fees.

12. Venue lies in the U.S. Eastern District of Michigan, the district in which the claim arose pursuant to 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 12 of this Complaint with the same effect as if fully set forth herein.

14. Plaintiffs LEON DOUGLAS and GLORIA DOUGLAS at all times herein mentioned is a citizen of the United States of America.  LEON DOUGLAS was located at the following locations during the events described herein:

   a. Jackson Correctional Facility in the City of Jackson, County of Jackson, State of Michigan;

15. At all times pertinent to the allegations in this complaint, Defendant John Doe (hereinafter Defendant John Doe Correctional Officer), is and/or was the Corrections Officer employed by the Jackson Correctional Facility. Defendant John Doe acted within the scope of his employment and under color of state law and is being sued in his individual capacity.

16. Defendant MDOC is a Department of the State of Michigan, and is responsible for the care and custody of youthful prisoners incarcerated in prisons in the State of Michigan.

17. Plaintiff has filed suit against all Defendants in their individual and official capacities and jointly and severally.

18. All acts complained of herein were committed by Defendants individually, whose acts and/or omissions, were committed and/or omitted, under the color of state law, statutory laws, ordinances, regulations, customs, and/or usages of the State of Michigan.

19. Individual Defendant is being sued in his individual and official capacities.

20. At all material times herein, Individual Defendant was employed by the Michigan Department of Corrections, and/or Jackson Correctional Facility and were either directly or indirectly involved in subjecting cruel and unusual punishment to Leon Douglas

21. Plaintiff bases applicable and appropriate claims against the Defendants on their wrongful conduct causing injury to LEON DOUGLAS AND GLORIA DOUGLAS.

## **FACTUAL ALLEGATIONS**

22. Plaintiff incorporates by reference all of the allegations contained in prior paragraphs of this Complaint with the same effect as if fully set forth herein.

23. In 1972, Plaintiff, while a 17-year-old youthful prisoner, was transported to Jackson Correctional Facility.

24. The MDOC has failed to separate youth under the age of 18 from adult prisoners, despite their obvious and substantial vulnerability to harm from adult prisoners.

25. The MDOC has maintained a policy and procedure of placing 17-year-old youths directly in cells and housing units with adult prisoners, despite their obvious and substantial vulnerability to harm from adult prisoners.

26. The MDOC has failed to adequately consider youth and their obvious vulnerability in determining proper placement, transfer, supervision and treatment of youth under their supervision.

27. The MDOC placed vulnerable youth, including Plaintiff, in adult prisons without separation by sight and sound from adult prisoners, and without adequate procedures to protect youth, including Plaintiff, from sexual victimization so as to ensure their safety and well-being.

28. In 1972, Plaintiff arrived to the Jackson Correctional Facility and was immediately stripped down naked by an inmate nurse in the infirmary during the intake process.

29. During the intake process, Plaintiff was sprayed down with a solution while naked by the inmate nurse.

30. Plaintiff remained in this infirmary area at Jackson Correctional Facility for the first 45 days (quarantine).

31. During this quarantine and throughout his incarceration at Jackson Correctional Facility, Plaintiff was repeatedly sexually assaulted by the inmate nurse and Defendant John Doe Correctional Officer.

32. Defendant John Doe Correctional Officer directed Plaintiff to be compliant with the sexual assaults.

33. Defendant John Doe Correctional Officer threatened Plaintiff with physical violence and retaliation if Plaintiff reported the sexual assaults.

34. From 1972 to 2022, Plaintiff remained in MDOC custody and never spoke about the sexual assaults.

35. On September 15, 2022, Plaintiff was re-sentenced and released from MDOC custody.

36. After his release, Plaintiff began mental health treatment on April 12, 2023 at the Michigan Institute of Performance and Health.

37. At that time, Plaintiff first reported the sexual assaults described above while in MDOC custody.

38. On May 3, 2023, Plaintiff first discovered his diagnosis of Post Traumatic Stress Disorder related to the sexual assaults described above.

39. As a result of his treatment, on May 10, 2023, Plaintiff discovered that he was suffering from the diagnosis of Post-Traumatic Stress Disorder as a result of the sexual assaults described above.

40. The MDOC has aided and abetted the sexual abuse and misconduct by adult prisoners and staff by failing to take adequate steps to prevent and deter the violation of Plaintiff's rights by among other acts and omissions, failing to adequately train, supervise, investigate, and discipline staff, who violated Plaintiff's rights.

41. The MDOC acts and omissions regarding screening, training, supervision, investigation, and discipline surrounding the placement of youth in adult prisons and the sexual abuse of Plaintiff and other youths were permitted and ratified the abusive behavior by adult male prisoners and by MDOC Staff.

42. Defendants knew or should have known that the placement of children in adult prisons without adequate supervision from adult prisoners or supervision together with a failure to properly train, regulate, supervise, monitor, and discipline MDOC staff would lead to sexual assaults, sexual harassment and violence.

## CAUSES OF ACTION

### COUNT I

U.S.C. SECTION 1983 and U.S.C. SECTION 1988
VIOLATION OF THE EIGHTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
EIGHTH AMENDMENT- SEXUAL ABUSE
(Against all Defendants)

43. Plaintiff incorporates by reference all of the allegations contained in prior paragraphs of this Complaint with the same effect as if fully set forth herein.

44. Defendants violated the 8th Amendment prohibition against cruel and unusual punishment as follows:

   a. Using positions of power of authority to engage in repeated physical and sexual abuse of Plaintiff over the course of years;

   b. Failing to properly house youthful prisoners, failure to separate youthful prisoners from adult prisoners in MDOC facilities, and failure to provide adequate supervision to safeguard vulnerable youthful prisoners resulting in sexual abuse and physical violence by adult prisoners and correctional officers;

   c. Failing to properly supervise, tarin, monitor, discipline, and/or regulate prison staff and failure to properly house and protect vulnerable youthful prisoners, like Plaintiff, resulting in sexual abuse and physical violence by adult prisoners and prison staff;

d.  Failure to promulgate and implement proper policies and procedures to identify and house vulnerable youthful prisoners to safeguard their protection from harm from sexual abuse

e.  Failure to adequately protect youth from a known risk of sexual abuse from adult prisoners and properly supervise, train, and discipline prison staff in violation of Plaintiff's rights;

f.  Failing to ensure that intake and rounds were conducted in a manner that would ensure that prison staff could not sexually abuse prisoners in the intake and segregation units.

45. Plaintiffs' claim for relief on this Count One is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

46. LEON DOUGLAS was subject to the deprivation of rights by Defendants, acting or pretending to act under color of law and statutes, or ordinances, regulations, customs, and usages of the law of the United States, State of Michigan, which rights include, but are not limited to, privileges and immunities secured to LEON DOUGLAS by the Constitution and Law of the United States.  By reason of the acts specified herein Defendants have violated the constitutional rights and liberty interests of LEON DOUGLAS, including those provided in the Eighth and/or Fourteenth Amendment to the U.S. Constitution.

47. Pursuant to Eighth and Fourteenth Amendments to the United States Constitution, Defendants owed LEON DOUGLAS a duty to act prudently and with reasonable care to otherwise avoid exposing LEON DOUGLAS to an unreasonable risk of harm and in failing to do so deprived LEON DOUGLAS of his right to life, liberty and property without due process of law.

48. LEON DOUGLAS claims damages for the physical injuries, pain and emotional anguish and trauma he endured.

49. As a result of these Defendants' conduct as described herein and their deliberate indifference to the constitutional rights of LEON DOUGLAS was repeatedly physically and sexually abused, he has suffered loss of society, comfort, companionship, solace, love, affection and continues to suffer these damages.

50. By virtue of 42 U.S.C. § 1988, Plaintiffs are entitled to and demand an award of reasonable attorney fees and costs according to proof.

WHEREFORE, Plaintiff claims the relief as set forth herein.

COUNT II
VIOLATION OF 18 U.S.C. SECTION 2255
(Against All Defendants)

51. Plaintiff incorporates by reference all of the allegations contained in all prior paragraphs of this Complaint with the same effect as if fully set forth herein.

52. At all material times herein, individual Defendant was acting within the scope of their employment with Michigan Department of Corrections.

53. Defendants owed LEON DOUGLAS a duty to not sexually assault Plaintiff, a minor, in violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252 A, 2260, 2421, 2422, or 2423.

54. Defendants engaged in sexual assault, bad faith, and tortious misconduct when they acted in concert with each other and/or pursuant to a common design with each other in the following manner:

   a. Using positions of power of authority to engage in repeated physical and sexual abuse of Plaintiff over the course of years.

   b. Failing to properly house youthful prisoners, failure to separate youthful prisoners from adult prisoners in MDOC facilities, and failure to provide adequate supervision to safeguard vulnerable youthful prisoners resulting in sexual abuse and physical violence by adult prisoners and correctional officers;

   c. Failing to properly supervise, tarin, monitor, discipline, and/or regulate prison staff and failure to properly house and protect vulnerable youthful prisoners, like Plaintiff, resulting in sexual abuse and physical violence by adult prisoners and prison staff;

   d. Failure to promulgate and implement proper policies and procedures to identify and house vulnerable youthful prisoners to safeguard their protection from harm from sexual abuse

   e. Failure to adequately protect youth from a known risk of sexual abuse from adult prisoners and properly supervise, train, and discipline prison staff in violation of Plaintiff's rights;

   f. Failing to ensure that intake and rounds were conducted in a manner that would ensure that prison staff could not sexually abuse prisoners in the intake and segregation units.

55. As a result of Defendants' sexual assaults, bad faith and concert of action, Plaintiff suffered damages.

WHEREFORE, Plaintiffs claim the relief as set forth herein.

**COUNT III**
**GROSS NEGLIGNCE AND LOSS OF CONSTRIUM**
**(Against All Defendants)**

56. At the time of the injury complained of in the Plaintiffs' Complaint, the Plaintiffs were married. Plaintiffs continue to be married.

57. That as a result of the wrongful and grossly negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

58. That all the injuries and damages were caused solely and proximately by the gross negligence of the Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, LEON DOUGLAS and GLORIA DOUGLAS, respectfully pray for relief as follows:

i. General / Compensatory Damages to be determined at trial in excess of Seventy-Five Thousand Dollars (75,000).

ii. Special Damages according to proof.

iii. Punitive Damages against the appropriate Defendants for their malicious, willful and wanton misconduct.

iv. For Damages for future lost earnings and lost earning capacity according to proof.

v. For medical and hospital expenses according to proof.

vi. Loss of comfort, society, and companionship.

vii. For any and all other damages otherwise recoverable, including but not limited to, attorney fees recoverable under 42 U.S.C §§ 1983 and 1988 and 18 U.S.C. § 2255.

Dated: January 16, 2026

Respectfully submitted,

/s/ Brandon McNeal
Brandon McNeal (P81300)
Khamo Law PLLC
1120 East Long Lake Rd.
Suite 250
Troy, MI 48085
(P) 248-466-0606
(F) 248-466-0605
(E) brandon@khamolaw.com

## JURY DEMAND

**NOW COMES** the Plaintiffs  and demands trial of his cause by jury.

Dated: January 16, 2026

Respectfully submitted,

/s/ Brandon McNeal
Brandon McNeal (P81300)
Khamo Law PLLC
1120 East Long Lake Rd.
Suite 250
Troy, MI 48085
(P) 248-466-0606
(F) 248-466-0605
(E) brandon@khamolaw.com